UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MACKLIN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00476-SEB-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Macklin Brown for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

On February 9, 2001, Mr. Brown was convicted by a jury of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Brown*, 1:99-cr-83-SEB-MJD-2 (S.D. Ind.) (hereinafter Crim. Dkt.). Mr. Brown was sentenced on May 9, 2001 to 360 months imprisonment. Crim. Dkt. 14.

Under the 2000 Sentencing Guidelines, Mr. Brown's drug quantity resulted in a base offense level of 34. Presentence Investigation Report ("PSR") ¶ 16. Following other adjustments, his total offense level was 42. PSR ¶ 27. He received criminal history points for four prior convictions, including the following two convictions from Illinois: 1) 1996 unlawful carrying/possession of a weapon; and 2) 1997 unlawful use of a firearm. PSR ¶¶ 30–31. His criminal history category was therefore V. PSR ¶ 36. That resulted in a guideline range of 360 months to life imprisonment. PSR ¶ 54. Mr. Brown was sentenced to 360 months' imprisonment. *United States v. Brown*, 41 F. App'x 866, 867 (7th Cir. 2002) (order). Mr. Brown appealed without success. *Id.* at 871.

Twelve years later, in 2014, Mr. Brown filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), relying on Amendment 782 to the Sentencing Guidelines. Dkt. 13. Amendment 782 reduced the drug quantity base offense levels by two levels. See U.S.S.G. § 2D1.1(c)(4). This Court reduced Mr. Brown's sentence to 292 months' imprisonment. Crim. Dkt. 46.

Five years after that, in 2019, an Illinois state court vacated Mr. Brown's two convictions listed above (i.e., 1996 unlawful carrying/possession of a weapon and 1997 unlawful use of a firearm). Dkt. 52-1. On March 25, 2019, Mr. Brown filed a motion, referencing 28 U.S.C. § 2255 seeking a sentence reduction. Crim. Dkt. 52. That motion prompted the opening of this § 2255 action. Dkt. 1. The United States responded in opposition to Mr. Brown's request for a

resentencing. The United States argues that the § 2255 motion is untimely, that Mr. Brown's attack on his sentencing guidelines is not cognizable on collateral review, and there has not been a miscarriage of justice. Mr. Brown replied with the benefit of counsel. This motion is now ripe for resolution.

### III. Discussion

Mr. Brown challenges his sentence because he received criminal history points for two prior convictions that have now been vacated. A defendant may bring a § 2255 petition based on the vacatur of a state conviction that increased the federal sentence as an "initial" § 2255 motion on the theory that the claim was unripe until the state court acted. *McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020). Unfortunately for Mr. Brown, his challenge comes too late.

Section 2255(f)(4) provides that a motion must be brought within a year of ""the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."" In *Johnson v. United States*, 544 U.S. 295, 308-309 (2005), the Supreme Court addressed how that date is determined in the context of a vacatur order that the defendant himself seeks. *Johnson* held that from "the date the District Court entered judgment in his federal case, [Defendant] was obliged to act diligently to obtain the state-court order vacating his predicate conviction. Had he done so, the 1-year limitation period would have run from the date he received notice of that vacatur." *Johnson*, 544 U.S. at 310.

In this case, Judgment was entered on May 9, 2001. Mr. Brown reports that he first asked the state judiciary for relief in December 2017, relying on a 2012 Seventh Circuit case. Crim. Dkt. 54 (citing *Moore v. Madigan,* 702 F.3d 944, 940 (7th Cir. 2012)). "*Johnson* tells us that the need for diligent action begins on the date of judgment." *McNair v. United States*, 962 F.3d 367, 370 (7th Cir. 2020). Under *Johnson* the passing of more than 15 years between when Mr. Brown's Judgment was entered and when he sought relief from the state court is not diligent. *Johnson,* 544

U.S. at 311 (finding that Johnson was not entitled to relief because more than three years elapsed between sentencing and Johnson's request for relief in state court); *McNair,* 962 F.3d at 370 (finding McNair falls "*way* short of due diligence" because Judgment was entered July 22, 2003, and he first asked the state judiciary for relief in 2007). Because Mr. Brown did not diligently pursue relief from the state-court, he is outside the time limitations of § 2255(f).

### IV.  Conclusion

For the reasons explained in this Order, Macklin Brown is not entitled to relief on his § 2255 motion. His request is barred by 2255(f). Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:99-cr-83-SEB-MJD-2.** The motion to vacate, Crim. Dkt. [52], shall also be **terminated** in the underlying criminal action.

### V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Brown has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:  9/29/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com